IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:13CR287 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ANDRES BARRAZA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF 172, filed by the Defendant, Andres Barraza ("Barraza").

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Barazza pled guilty to Count I of the Indictment and was sentenced on June 23, 2013, to a term of 120 months incarceration and five years of supervised released on the charge of conspiracy to distribute methamphetamine.  Judgment was entered on June 24, 2013, and no direct appeal was filed.

First, 28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Because Barazza's judgment was entered on June 24, 2013, and he

did not appeal that judgment, his § 2255 motion was due on or before June 24, 2014. He appears to argue that because Amendment 794 to Sentencing Guideline §3B1.2, governing decreases in offense levels based on mitigating roles, was effective on November 1, 2015, he should have one year from that date to submit his Motion. He further argues that Amendment 794 should apply retroactively and cause him to be resentenced with application of the newly suggested fact-based determinations. This Court disagrees with Barraza's suggestion that Amendment 794 has any retroactive application to cases in which judgments have become final. Nonetheless, even if Amendment 794 were applied as Barraza suggests, the application would be moot in light of his sentence at the statutory mandatory minimum term. The Court further notes that Barraza was found to be an organizer, leader, manager, or supervisor in the criminal conspiracy, so his eligibility for a mitigating role reduction would be moot on that basis as well.

Accordingly,

IT IS ORDERED:

1. The Defendant's claims raised in his § 2255 motion, ECF 172, are summarily denied;

2. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 30th day of December, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge